# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TERESA A. KEIGER (*formerly Teresa Sachon*),

   Plaintiff

v.                                    CIVIL NO. JKB-10-1556

JOHN T. SACHON

   and

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,

   Defendants

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Teresa A. Keiger (formerly Teresa Sachon) ("Plaintiff") brought this suit against John T. Sachon ("Sachon") and the United States Office of Personnel Management ("OPM") (collectively "Defendants"), seeking modification of a qualified domestic relations order giving her a percentage of Sachon's retirement benefits, which are administered by OPM, or, alternatively, an order requiring Sachon to perform alleged obligations under a Voluntary Separation and Property Settlement Agreement. (Compl. ECF No. 1). Both defendants have moved to dismiss the case, or, in the alternative, for summary judgment. (ECF Nos. 10 & 19). For reasons explained below, Defendants' motions are granted.

*I. Background*

Plaintiff and Sachon were formerly married. In 1994, they separated and entered into a Voluntary Separation, Custody and Property Settlement Agreement ("Separation Agreement"). (OPM's Mot. Dismiss 3, ECF No. 19, Ex. 1). The Separation Agreement provided, among other things, that Plaintiff would receive a percentage of any retirement benefits that accrued to Sachon during the marriage.[1] (Compl. 3, ECF No 1). It also provided that Plaintiff could elect to receive payments directly from the retirement plan administrator, but that if the administrator failed to pay the amount due, Sachon would still be responsible for the payment. *Id*.

In May of 1994, the Circuit Court for Frederick County entered an order of divorce that incorporated, but did not merge, the Separation Agreement. The court also entered a Qualified Domestic Relations Order ("QDRO") pursuant to 5 U.S.C. § 3845(j), requiring OPM to pay Plaintiff half of Sachon's benefits accrued to the date of the order, when the benefits became payable. (QDRO 2, ECF No. 1, Ex. 3).

OPM began making payments to Plaintiff in February of 2009. (OPM's Mot. Dismiss 4). But, Plaintiff claims that OPM did not calculate her percentage according to the terms of the Separation Agreement, which called for the percentage to be calculated as of the "distribution date" (i.e., when the benefits became payable) rather than the date of the QDRO. (Pl.'s Resp. 4, ECF No. 11, Ex. 1). She claims that the alleged miscalculation has reduced her total payments to date by $20,000. (Compl. 7).

---

[1] The Agreement provided that the percentage would be calculated as follows:

> ... there shall be computed a "Fraction [sic]: representing Wife's percentage interest in the retirement and/or pension benefits. The numerator of this Fraction shall be one-half (½) of the number of months in which retirement and/or pension benefits were accumulated during the marriage (i.e., from beginning of Husband's employment to the date of final divorce). The denominator of this Fraction shall be the number of months from Husband's beginning of employment to the Distribution Date. (Separation Agreement 7, ECF No. 1, Ex. 1).

2

Plaintiff filed an action against Sachon in the Circuit Court for Frederick County to amend the QDRO to include the specific calculation provisions in the Separation Agreement, and to enforce the Separation Agreement directly by requiring Sachon to pay her the balance she alleges is due. *Id* at 6. At Plaintiff's request, the Circuit Court stayed the action to permit her to join OPM as a necessary party. *Id*. Because the Circuit Court has no jurisdiction over a federal agency, Plaintiff re-filed her claim in this Court. She asks the Court to issue an order modifying the QDRO to "fully set forth the intentions of the parties" as expressed in the Separation Agreement, and to require OPM to administer the QDRO according to those terms. In the alternative, she asks the Court to enforce the Separation Agreement directly by ordering Sachon to pay her the alleged outstanding balance. *Id* at 7.

Both defendants have moved to dismiss the case on the grounds that this Court lacks jurisdiction, among others.

## II. Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1). Where the court's subject matter jurisdiction is in dispute, Plaintiff bears the burden of proving that jurisdiction exists. *Williams v. United States,* 50 F.3d 299, 304 (4th Cir. 1995). In determining its own jurisdiction, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991). The court should grant a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

*III. Analysis*

Plaintiff alleges that this Court has both diversity and federal question jurisdiction in this case. As to diversity, she claims that she and Sachon are residents of different states, and that, while she claims only $20,000 in this case, the modification of the QDRO that she requests *may* entitle her to receive more than $75,000 in retirement benefits over the course of OPM's payments to her. (Pl.'s Resp. 2, ECF No. 11). As to federal question jurisdiction, Plaintiff claims that her cause of action is based on ERISA, 29 U.S.C. § 1332(a)(1)(B). *Id*.

These proffers of jurisdiction are plainly frivolous for several reasons. First, Sachon's retirement benefits are governed by the Civil Service Retirement Act ("CSRA"), 5 U.S.C. §§ 8331, *et seq*, not ERISA.[2] (QDRO 3) ("The retirement plan is the Civil Service Retirement System"). Authority to administer the CRSA is vested exclusively in OPM, and only the Board of Merit Systems Protection and the Court of Appeals for the Federal Circuit have jurisdiction to review OPM's decisions. *Fornaro v. James*, 416 F.3d 63, 64 (D.C. Cir. 2005). OPM is thus immune from suit in connection with its administration of the CSRA. *See id*. As to diversity, Plaintiff requests only $20,000, well short of the $75,000 amount in controversy required for diversity jurisdiction. *See Mutual Life Ins. Co. of New York v. Moyle*, 116 F.2d 434 (4th Cir. 1940) (explaining that the amount in controversy is the amount a plaintiff seeks to recover *in a case*, even if the outcome of the case may entitle the plaintiff to a greater amount in the future). Finally, OPM regulations expressly grant state courts exclusive jurisdiction over all disputes regarding court orders awarding benefits to former spouses. 5 CFR 838.122 (e) ("State courts are responsible for... settling all disputes between the employee or retiree and the former spouse..."); 5 CFR 838.123 (d) ("Claimaints are responsible for... submitting all disputes with

---

[2] ERISA expressly exempts all government plans, including those under the CSRA. *See* 29 U.S.C. § 1003(b)(1); *Seeger v. Office of Personnel Management*, 243 F.3d 565, 2 (Table) (4th Cir., 2000).

employees or retirees to the appropriate State court for resolution."). Plaintiff's claims must therefore be dismissed.

*IV. Conclusion*

Accordingly, an order shall issue granting Defendants' motions to dismiss this case (ECF Nos. 10 & 19).

Dated this 30th day of March, 2011

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge
